SCHOTT, Chief Judge.
Defendant was convicted of aggravated rape (R.S. 14:42), first degree robbery (R.S. 14:64.1), and aggravated crime against nature. (R.S. 14:89.1) He was sentenced on the robbery conviction to forty years and on the crime against nature conviction to fifteen years. He was sentenced on the rape conviction under the Habitual Offender Law to life imprisonment without the benefit of parole, probation, suspension of sentence, or good time. In his appeal he has assigned no errors and has asked only for a review of the record for errors patent.
The minute entries are incomplete, failing to reflect that defendant was present during voir dire and when the jury returned a verdict. C.Cr.P. art. 831 requires the defendant’s presence for these developments and the minute entries must reflect his presence. However, this error is considered harmless where defendant’s presence is revealed in the transcript. State v. Washington, 522 So.2d 628 (La.App. 4th Cir.1988).
In this case the trial was completed in one day. The minute entry reflects defendant’s presence when the trial began. The *1041 transcript reflects his presence during voir dire and during the court’s initial statement to the jury after they were sworn. The transcript further shows defendant’s being identified by a witness during trial. (Tr. 99). From these we have concluded that defendant was present throughout the trial and the deficiencies in the minute entries constitute harmless error, especially considering the defendant’s failure to allege any prejudice.
In sentencing the defendant to a life sentence for the aggravated rape conviction the trial judge specifically excluded eligibility for good time. R.S. 14:42 does not prohibit such eligibility. Consequently we are required to delete this prohibition from the sentence. However, we note that defendant shall not be allowed good time anyway by operation of R.S. 15:571.3.
Upon our initial review of this record we discovered the absence of a grand jury indictment for the charge of aggravated rape signed by the foreperson of the jury as a true bill. Since this offense is punishable by life imprisonment prosecution for the crime must be preceded by grand jury indictment. Louisiana Constitution of 1974, Art. 1 § 15; C.Cr.P. art. 382. The indictment must be signed by the foreperson. Art. 383. Accordingly, we ordered the state to supplement the record and resolve the issue.
In its response the state informed the court that in practice only the original bill is signed by the foreperson, and, in this case, the original bill has been lost or destroyed. A transcript of the proceedings before the grand jury is unavailable because the court reporter is retired and cannot be located. However, the state produced a minute entry reflecting that a true bill signed by the grand jury foreperson was returned in open court on March 27, 1986 and an affidavit by the judge who received the grand jury returns on that date attesting that the true bill was signed by the foreperson. We are satisfied that this rectifies the deficiency in the record.
Accordingly, the conviction and sentences are affirmed.
AFFIRMED.